No. 739

STATE ex SOUTHWELL v. ZANGERLE, Aud.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6126. Decided Feb. 22, 1926

460. EQUITY—1. An injunction to restrain the auditor from refusing liquor tax assessments will not lie, for 2921 and 2922 GC. expressly limits a taxpayer or prosecuting attorney to applying for an injunction restraining a contemplated misapplication of funds or the completion of illegal contracts not fully completed.

2. In all other cases the prosecuting attorney or the taxpayer acting in his place is by express provision limited to an action at law.

LEVINE, P. J.

The suit was brought originally in the Cuyahoga Common Pleas by George Southwell, a taxpayer, to enjoin John A. Zangerle, Auditor of Cuyahoga County, from issuing refunding orders for Dow-Aiken liquor taxes or assessments; and to require him to restore to the tax duplicate such assessments as had by him been refunded.

Zangerle demurred to Southwell's petition and final judgment was rendered in his favor.

Southwell prosecuted error to the Court of Appeals which held:

1. The original authority of the auditor to issue refunders as contained in 6074 GC. was repealed by the Miller Law, 109 OL. page 4. Section 12 of this act which is 6212-32 GC. provides in substance that the Auditor of State with consent of the Commission of prohibition may correct errors, or remit any assessment illegally or erroneously certified, otherwise there shall be no rebate or refund and the assessment shall not be apportioned.

2. The county auditor cannot legally grant refunds in such cases so that the only question to be determined is whether or not Southwell has capacity to sue for injunction; he claiming that the court has jurisdiction under general equity principles and that injunction is authorized by statute.

3. A taxpayer cannot sue the county, for it is a sub-division of the State and in matters of taxation it acts as an agency of the state. Also it cannot be claimed that the plaintiff is suffering an injury peculiar to himself as distinguished from that of the general public.

4. Sections 2921 and 2922 GC. were intended, among other things, as a limitation upon the right of a private taxpayer to bring indiscriminate suits against county officers to prevent unauthorized acts by such county officers if such taxpayer has not suffered an injury peculiar to himself.

5. Under 2921 GC. the prosecuting attorney may apply to a court of competent jurisdiction to restrain the illegal expenditure of funds or incompleted illegal contracts. The duty of the county prosecutor as to obtaining a restraining order is expressly limited to the contemplated misapplication of funds.

6. Under 2922 GC. a taxpayer may institute similar proceedings in the name of the state if the prosecuting attorney fails upon the written request of the taxpayer of the county to bring civil action as provided in 2921 GC.

7. The right of a taxpayer and prosecuting attorney to apply for an injunction is limited by these sections to the restraining of a contemplated misapplication of funds or the completion of illegal contracts not fully completed.

8. Both tax payer and prosecuting attorney are by express provision limited to an action at law, this being merely declarative that an injunction will not issue unless there be no adequate remedy at law.

9. The right to obtain an injunction cannot be enlarged beyond the scope of statutory limitations; and judgment of the Common Pleas will be affirmed.

Judgment affirmed.

Attorneys—Griswold, Green, Palmer & Hadden for Southwell; E. C. Stanton for Zangerle; all of Cleveland.